# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ZHIVAGO ROBINSON, ) | |
| Petitioner, ) | |
| v. ) | Civil Action No. 18-10351-DJC |
| ROBERT HAZELWOOD, ) | |
| Respondent. ) | |

## ORDER OF TRANSFER

**CASPER, J.**                                                                                                    **June 19, 2018**

For the reasons stated below, the Court orders that this action be transferred to the United States District Court for the District of New Hampshire.

On February 26, 2017, Zhivago Robinson, who is incarcerated at FCI Berlin in Berlin, New Hampshire, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("§ 2241"), D. 1.[1] Robinson, who represents he was convicted in the United States District Court for the District of South Carolina, argues that he was improperly sentenced as a career offender. He states that he seeks relief under § 2241 because a motion under 28 U.S.C. § 2255 is ineffective or inadequate to test the legality of his detention.

Because Robinson was not confined in the District of Massachusetts when he filed his petition, the Court lacks jurisdiction over this matter. "District courts are limited to granting habeas relief 'within their respective jurisdictions.'" Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). The "general rule" is that "for core habeas petitions

---

[1] Robinson did not pay the $5.00 fee for filing a habeas petition, see 28 U.S.C. § 1914(a), or seek leave to proceed without prepayment of the filing fee, see 28 U.S.C. § 1915(a).

challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Id. at 443.

Transfer to the cure want of jurisdiction, see 28 U.S.C. § 1631, is in the interest of justice.

Accordingly, the Court orders that this action be TRANSFERRED to the United States District Court for the District of New Hampshire.

**SO ORDERED.**

    /s/ Denise J. Casper
United States District Judge